UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BETH ANN ROBERTS,

    Plaintiff,

vs.                                                                     Case No. 18-10740

FEDERAL NATIONAL MORTGAGE            HON. AVERN COHN
ASSOCIATION, et al.,

    Defendants.
_____/

**<u>ORDER
GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS
AND
DISMISSING COMPLAINT</u>**

I.

Plaintiff, Beth Ann Roberts, proceeding <u>pro se</u>, filed a complaint naming the Federal National Mortgage Association, its CEO Timothy Mayopoulos, CFO David Bensen, and COO Pascal Boillat as defendants. Plaintiff asks to proceed <u>in forma pauperis</u>. Based upon the information in the Application to Proceed <u>In Forma Pauperis</u>, the Court, under 28 U.S.C. § 1915, GRANTS plaintiff <u>in forma pauperis</u> status. For the reasons that follow, however, the complaint will be dismissed for lack of subject-matter jurisdiction and for failure to state a claim under 28 U.S.C. § 1915(e)(2).

II.

Under § 1915 (e)(2) a Court may dismiss a complaint at any time if it determines that the case is frivolous or malicious, that the plaintiff fails to state a claim upon which relief may be granted, or seeks relief against a defendant who is immune from such relief. A complaint "is frivolous where it lacks an arguable basis either in law or in fact." <u>Neitzke</u>

v. Williams, 490 U.S. 319, 325 (1989). Moreover, a federal court is always "under an independent obligation to examine their own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990), and a federal court may not entertain an action over which it has no jurisdiction. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982). Indeed, a court is required to dismiss an action at any time if it lacks subject-matter jurisdiction. See Fed. R. Civ. P. 12(h)(3); See Wagenknecht v. United States, 533 F.3d 412, 416 (6th Cir. 2008) ("a district court may sua sponte dismiss an action when it lacks subject matter jurisdiction.").

Under Rule 12(b)(6), a complaint may be dismissed if construing the allegations in the light most favorable to the plaintiff and drawing all reasonable inferences in favor of the plaintiff, the complaint fails to contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

The Court must read pro se complaints indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

III.

The Court has reviewed the complaint. From what can be gleaned, plaintiff is a tenant under a "lease agreement" at property located at 18420 Wildemere Street in Detroit, Michigan. The property was owned by Otis Williams and has gone into foreclosure. Plaintiff says Williams challenged the foreclosure against defendants in state court. Plaintiff further says that while the state court litigation has been pending, representatives of defendants and others have harassed her and told her she must leave the property. Plaintiff asserts several claims under state law, all of which challenge

2

defendants' right to foreclose on the property or remove her from the property. They include: (1) lack of standing to foreclose, (2) fraud in the concealment, (3) trespassing, (4) intentional infliction of emotional distress, and (5) slander of title. She seeks money damages and appears to ask the Court to title the property in her name.

IV.

The complaint is subject to dismissal for several reasons. First, plaintiff has alleged that jurisdiction is based on diversity. However, the complaint does not state the citizenship of the corporate or individually named defendants. Thus, the complaint is subject to dismissal for lack of subject matter jurisdiction for failure to establish diversity of citizenship. See 28 U.S.C. § 1332.

Second, plaintiff is clearly challenging a foreclosure over property in which she is a tenant. Several cases have held that tenants, like plaintiff, lack standing to challenge the validity of a foreclosure of that property. See Young v. Fannie Mae, 2013 WL 1284232, at *2 (N.D. Ohio Mar. 27, 2013) ("At the outset, the Court finds that Mr. Little does not have standing with respect to any of the claims asserted in the Complaint, as it is undisputed his interest in the real property at issue was as a tenant only."); Mitchell v. Mortgage Elec. Registration Sys., Inc., 2012 WL 1094671, at *2 (W.D. Mich. Mar.30, 2012) ("A non-borrower may not challenge a foreclosure or assignment."); Hurst v. Fed. Nat. Mortg. Ass'n, 2015 WL 300275, at *3 (E.D. Mich. Jan. 22, 2015), aff'd, 642 F. App'x 533 (6th Cir. 2016), and aff'd, 642 F. App'x 533 (6th Cir. 2016) (plaintiff as a tenant may not challenge a foreclosure). Thus, plaintiff, being only a tenant, cannot bring claims challenging the foreclosure.

Further, to the extent plaintiff is attacking actions which took place in state court,

3

the complaint is barred by the Rooker-Feldman doctrine. Under the Rooker-Feldman doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 & n. 16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). To the extent plaintiff is seeking federal court review of what has occurred or is occurring in state court, her claims are barred by Rooker-Feldman.

Finally, her claims are barred by res judicata. This doctrine requires that (1) the first action be decided on its merits, (2) the matter being litigated in the second case was or could have been resolved in the first case, and (3) both actions involved the same parties or their privies. Here, plaintiff's claims in this case and the claims in the state court case filed by Williams are related as they seek redress from the same basic alleged wrong, *i.e.*, the mortgage foreclosure. All of plaintiff's claims in this case were or could have been raised in Williams' case and involve the same parties or their privies.

V.

Overall, even under a liberal pleading standard, the complaint fails establish a basis for federal jurisdiction or present a plausible claim. Accordingly, the complaint is DISMISSED.

SO ORDERED.

    S/Avern Cohn
    AVERN COHN
    UNITED STATES DISTRICT JUDGE

Dated: March 20, 2018
    Detroit, Michigan